THE LE ROY & WESTERN RAILWAY COMPANY v. SARAH E. HOLLIS.

1. EMINENT DOMAIN —*Compensation—Evidence—Harmless Error*. Upon an issue of the damages to land taken by a railway company, questions as to whether the land taken, by reason of its poverty, was not left vacant after the surrounding lands had been preëmpted, and if it was not reputed to be the poorest land in the neighborhood, were asked upon cross-examination of a witness for the owner. *Held*, That the exclusion of such testimony, if error, was cured by the subsequent testimony of the witness that the land was not in fact the poorest.

2. ———— *Error in Excluding Evidence, Cured.* In such case it appeared that the farm contained about 65 acres, and by the construction of the road was cut into two pieces, one containing about three acres. On cross-examination a witness for the owner was asked whether, by reason of the fence that would be built by the company, the strip would not probably sell to the adjacent owners for more than if the road had not been constructed, and what the other portion would be worth if owned by one person and the strip by another, and the railroad was not built. *Held,* The error in excluding this testimony, if any, was cured by the subsequent statement of the witness that the main portion of the land was worth less after the construction of the road than before.

3. ———— *Elements of Damage — Submission to Jury — Cases Followed.* The jury may, in such case, be interrogated as to any particular element of the damages suffered by reason of the construction of the road over the land; but a refusal to submit questions asking the jury to state all the elements of damage, and the amount allowed for each, is not error. (*L. & T. Rly. Co. v. Hawk,* and *L. & T. Rly. Co. v. Crum,* just decided, followed.)

### *Error from Sumner District Court.*

APPEAL by the *Le Roy & Western Railway Company* from a judgment rendered against it for $800, at the November term, 1886, in proceedings to condemn the land of Sarah E. Hollis. The farm in question contained about 65 acres, and was severed by the company's track, leaving about three acres in a wedge-shaped strip on one side of the track. On cross-examination, Hinkle, a witness for Mrs. Hollis, was asked if she would not probably be able to sell the strip to the adjacent owner for more money than if the road had not been built, by reason of the fence the company would be compelled to build, and what the remainder of the land would be worth if owned by one person and the strip by another, and the road were not built, which questions were excluded by the court. Afterward the witness testified that the main portion of the land was worth less than it was before the construction of the road. Mr. Grist, another witness for Mrs. Hollis, was asked on cross-examination, if the land in question was not so poor that it lay out for years after the surrounding land had been preëmpted, and if it did not bear the reputation in the neighborhood of being the poorest land in the vicinity. These

questions were also excluded. This witness testified that it was not the poorest land in the neighborhood. The court refused to submit on behalf of the defendant railway company, special interrogatories to the jury requiring them to state the elements or sources of damage to the land, and the amount allowed for each. To all these rulings the company excepted, and has brought the case here.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*Haughey & McBride,* for defendant in error.

*Per Curiam:* There were no material errors in the rulings of the court in sustaining objections to the evidence attempted to be introduced upon cross-examination of certain witnesses offered on the part of Mrs. Hollis. A part of the cross-examination rejected was wholly incompetent and irrelevant. As to the other questions upon cross-examination which were rejected, the errors were cured, if there were any, as the witnesses testified subsequently that lot number 3 was worth less after the railway had been constructed than before; and further, that the land in controversy was not one of the poorest pieces of land in that section of the county.

As to the refusal of the court to submit special questions asking the jury to state all the elements or sources of damages, and the amount allowed for each, we refer to *L. & W. Rly. Co. v. Hawk,* and *L. & W. Rly. Co. v. Crum,* just decided; upon that authority the court below committed no error in rejecting portions of the questions submitted.

The judgment of the district court will be affirmed.